******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# ALFRED LASSEN *v.* CITY OF HARTFORD
## (AC 45802)

Cradle, Clark and Vertefeuille, Js.

*Syllabus*

The plaintiff, whose prior employment as a police officer with the defendant city of Hartford had been terminated, sought to recover damages from the city for, inter alia, its failure to rehire him as a police officer because of his disability, narcolepsy. The city had posted a job listing seeking applications from nonresidents of Hartford for a police officer position. Applicants were required to apply online and to include with their applications a "CHIP" card signifying that they had successfully completed certain physical ability tests required of police officer candidates. The plaintiff, who was not a resident of Hartford, was among fifty-two applicants who did not submit a CHIP card with their applications and, thus, was determined by the city to be unqualified for the police officer position. In a two count complaint alleging violations of a provision (§ 46a-60) of the Connecticut Fair Employment Practices Act (§ 46a-51 et seq.), the plaintiff claimed that the city had discriminated against him on the basis of his disability and retaliated against him for having previously brought a lawsuit against the city in connection with the termination of his prior employment as a police officer. The city, which was aware at the time the plaintiff applied for the police officer position that he had been diagnosed with narcolepsy, moved for summary judgment, asserting that no genuine issue of material fact existed as to both counts of the plaintiff's complaint and that it was therefore entitled to judgment as a matter of law. The court granted the city's motion, concluding that there was no genuine issue of material fact that the plaintiff had failed to establish a prima facie case of either disability discrimination or retaliation and that, even if he had established a prima facie case as to those claims, summary judgment was warranted on both counts because the city had articulated a legitimate, nondiscriminatory and nonretaliatory reason for its decision not to rehire the plaintiff, namely, his failure to submit the required CHIP card with his application, which he thereafter failed to establish was pretextual. On the plaintiff's appeal to this court, *held* that the trial court properly rendered summary judgment for the city: the undisputed evidence in the record established that the sole reason for the city's decision not to rehire the plaintiff was his failure to submit a CHIP card with his job application and, although the plaintiff claimed that a genuine issue of material fact existed as to whether the city's reason was pretextual because the job application did not identify a CHIP card as a document that needed to be submitted with the job application, whereas the job posting listed the CHIP card as a document required to be submitted with the job application, it would have been purely speculative for this court to infer from that inconsistency that the city was motivated to discriminate or retaliate against the plaintiff when that circumstance would have had the same effect on all applicants; moreover, the plaintiff did not provide any evidence to contradict the city's evidence that the city had conducted a screening process after which applicants, including the plaintiff, who had failed to submit CHIP cards with their applications were eliminated from consideration and not hired, nor did the plaintiff provide evidence of any connection between the city's determination that he was unqualified for the police officer position and his medical diagnosis or with his having previously filed suit against the city in connection with its termination of his prior employment as a police officer; furthermore, the plaintiff's disagreement with the city's requirement that he submit a CHIP card with his application was immaterial and did not render the city's reason for not rehiring him pretextual, there having been no genuine issue of material fact that all applicants were required to submit a CHIP card, regardless of whether they were certified police officers.

Argued October 2, 2023—officially released January 9, 2024

*Procedural History*

Action to recover damages for, inter alia, alleged disability discrimination, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Sheridan, J.*, granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*James V. Sabatini*, for the appellant (plaintiff).

*Alexandria L. Voccio*, with whom, on the brief, were *David S. Monastersky* and *Channez M. Rogers*, for the appellee (defendant).

*Opinion*

VERTEFEUILLE, J. The plaintiff, Alfred Lassen, appeals from the summary judgment rendered by the trial court in favor of the defendant, the city of Hartford, on his two count complaint, alleging disability discrimination and retaliation in violation of General Statutes § 46a-60 of the Connecticut Fair Employment Practices Act (act), General Statutes § 46a-51 et seq., in connection with the defendant's failure to rehire him as a police officer. On appeal, the plaintiff claims that the court erred in rendering summary judgment in favor of the defendant because it improperly concluded that no genuine issue of material fact existed as to whether (1) the plaintiff had failed to make out a prima facie case of disability discrimination and retaliation, and (2) the defendant's proffered legitimate, nondiscriminatory reason for not rehiring[1] him was pretextual. For the reasons that follow, we disagree and, accordingly, affirm the judgment of the trial court.

The following facts, which are undisputed, and procedural history are relevant to our resolution of this appeal. The defendant published a job posting for the position of Hartford police officer for persons who were not residents of Hartford. The plaintiff was not a resident of Hartford at the time he filed his application. The job posting required all applicants to submit their applications online through the PoliceApp web portal. The plaintiff applied for the position online as required. At the time he applied for the position, the plaintiff had been diagnosed with narcolepsy, and the defendant was aware of this diagnosis. A lawsuit was already pending in which he made multiple claims against the defendant, including disability discrimination, failure to provide a reasonable accommodation, and retaliation for having requested a reasonable accommodation in connection with the defendant's termination of his previous employment as a Hartford police officer.

The defendant engaged in a screening process of all the applications it received for the Hartford police officer position wherein an initial review and a second review were conducted by administrative clerks from the defendant's Human Resources Department. During this screening process, applicants who did not submit with their applications a valid Complete Health & Injury Prevention physical ability assessment (CHIP card)[2] were eliminated from consideration for the position. As a result of this screening process, fifty-two applicants, including the plaintiff, were neither considered nor hired for the position because they had failed to submit the required CHIP card with their applications.

The plaintiff brought suit and filed a two count complaint alleging that the defendant, in violation of § 46a-60, failed to rehire him as a police officer because of his narcolepsy diagnosis (disability discrimination) and

because he previously had filed a lawsuit against the defendant (retaliation).[3] The defendant thereafter filed a motion for summary judgment, arguing that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law on both claims of the plaintiff's complaint. The plaintiff filed an opposition to the defendant's motion for summary judgment. The court granted the defendant's motion for summary judgment on the ground that there existed no genuine issues of material fact that the plaintiff had failed to establish a prima facie case of either disability discrimination or retaliation. The court additionally determined that, even if it had assumed arguendo that the plaintiff had established a prima facie case of disability discrimination and retaliation, summary judgment was warranted as to both counts of the complaint because the defendant had offered a legitimate, nondiscriminatory reason for its decision not to rehire the plaintiff, specifically, that the plaintiff had failed to submit the required CHIP card with his application and that no genuine issue of material fact existed as to whether the plaintiff had failed to establish that the defendant's proffered reason was pretextual. This appeal followed.

We begin by setting forth the applicable standard of review. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, 306 Conn. 107, 115–16, 49 A.3d 951 (2012). The standard of review of a trial court's decision granting a motion for summary judgment is plenary. Id., 116.

The standard applicable to the plaintiff's claim of disability discrimination, which is based on disparate treatment, and retaliation is the *McDonnell Douglas-Burdine*[4] model of analysis. See *Taing* v. *CAMRAC, LLC*, 189 Conn. App. 23, 27–28, 206 A.3d 194 (2019) (discussing applicability of *McDonnell Douglas-Burdine* model to disparate treatment discrimination claims); *Luth* v. *OEM Controls, Inc.*, judicial district of Ansonia-Milford, Docket No. CV-17-6025657-S (December 6, 2019) (reprinted at 203 Conn. App. 680, 252 A.3d

413) (discussing applicability of *McDonnell Douglas-Burdine* model to retaliation claims under act), aff'd, 203 Conn. App. 673, 252 A.3d 406 (2021). Under this framework, the plaintiff first must establish a prima facie case,[5] then the burden of production shifts to the defendant to rebut the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for its employment decision. *Tomick* v. *United Parcel Service, Inc.*, 157 Conn. App. 312, 327, 115 A.3d 1143 (2015), aff'd, 324 Conn. 470, 153 A.3d 615 (2016). Once the defendant offers a legitimate, nondiscriminatory reason, then the plaintiff has the burden to prove by a preponderance of the evidence that the proffered reason is pretextual. Id.

In the present case, the plaintiff challenges the propriety of the court's determinations that no genuine issues of material fact existed with respect to his failure to make out a prima facie case of disability discrimination and retaliation and that the defendant's employment decision was based on a nonpretextual, legitimate, nondiscriminatory reason. We conclude that, even if we were to assume without deciding, that the plaintiff had established a prima facie case of disability discrimination and retaliation, the court correctly concluded that there was no genuine issue of material fact that the defendant's proffered legitimate nondiscriminatory and nonretaliatory reason for failing to rehire the plaintiff was not pretextual.[6]

The reason stated by the defendant in its memorandum of law appended to its motion for summary judgment for not rehiring the plaintiff was that he did not pass the defendant's initial screening process because he failed to submit the required CHIP card with his application. In moving for summary judgment, the defendant submitted uncontroverted documentary evidence to substantiate that it had engaged in a screening process wherein all applicants who failed to submit a CHIP card with their application were denied consideration for the position. Specifically, in an affidavit attached to the defendant's motion for summary judgment, Debra C. Carabillo, the Deputy Director of Human Resources and Labor Relations with the defendant, averred that an initial screening process of applicants who had responded to the defendant's publication of a job posting for a police officer position for persons who were not residents of Hartford was conducted by a human resources administrative clerk, an employee of the defendant, to determine whether each applicant had submitted all of the required documentation as set forth in the job posting to establish that the applicant met the age, citizenship, education, driver's license, and physical ability testing (CHIP card) qualifications. If an applicant did not submit any of the required documentation, then the applicant was designated as "unqualified," and, if an applicant submitted all of the required documentation, then the applicant was designated as "quali-

fied." She further stated that Brenda Perez, an administrative clerk with the defendant, reviewed the applications for a second time to confirm the designations for applicants as either qualified or unqualified based on whether they had submitted with their job application all of the required documentation. Carabillo also stated that no other factors were taken into consideration during this screening of applications and that the plaintiff "was deemed to not meet the minimum requirements for the position solely due to his failure to provide a copy of a valid CHIP card, proving that he has passed the CHIP Physical Ability Assessment required for all applicants under the job posting . . . ." Also attached to the defendant's motion for summary judgment was an internal document of the defendant listing the names of all fifty-two applicants who did not submit a CHIP card with their application and their resultant designation as unqualified for the position. We conclude that the defendant satisfied its summary judgment burden of articulating a legitimate, nondiscriminatory reason for not rehiring the plaintiff. See *Feliciano* v. *Autozone, Inc.*, 316 Conn. 65, 74, 111 A.3d 453 (2015) (to rebut presumption created by prima facie case, employer must articulate legitimate nondiscriminatory reason, and "[t]his burden is one of production, not persuasion; it can involve no credibility assessment" (internal quotation marks omitted)).

Because the defendant articulated a nondiscriminatory and nonretaliatory reason for its employment decision, the burden shifted to the plaintiff to establish a genuine issue of material fact with respect to whether the defendant's stated reason was a pretext for discrimination and/or retaliation. See *Tomick* v. *United Parcel Service, Inc.*, supra, 157 Conn. App. 327.

"[T]o defeat summary judgment . . . the plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the motivating factors. . . . A plaintiff may show pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable [fact finder] could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." (Citation omitted; internal quotation marks omitted.) *Stubbs* v. *ICare Management, LLC*, 198 Conn. App. 511, 522–23, 233 A.3d 1170 (2020).

The plaintiff does not dispute that he did not submit a CHIP card with his application. Rather, he argues that the court erred in determining that he had failed to offer any evidence creating a genuine issue of material fact as to whether the defendant's proffered reason for not rehiring him was a pretext for discriminatory and/

or retaliatory intent. Specifically, he contends that the "[t]he job application did not identify the CHIP card as a document that needed to be submitted. The job application asked the applicant to identify if he was presently a Connecticut certified police officer," and that "[h]is job application stated he was employed by the defendant as a police officer from December 14, 2009, through March 4, 2016." He further argues that a "presently certified Connecticut police officer already possesses the qualification to immediately begin working as a police officer. Therefore, the CHIP card was irrelevant. The defendant cited to the fact that every applicant for the job who failed to submit a CHIP card did not pass the initial screening of applications. Tellingly, the defendant failed to disclose whether any of the other rejected applicants were certified police officers."

The two reasons presented by the plaintiff to support his contention that there is a genuine issue of material fact as to whether the defendant's reason for its employment decision not to rehire him was pretextual—specifically, that the job application did not identify a CHIP card as a required document and that for presently certified Connecticut police officers a CHIP card was irrelevant—are not persuasive. His first reason highlights the fact that the job application, which the defendant attached to its motion for summary judgment, did not identify a CHIP card as a document that needed to be submitted online with the job application.[7] We note that the job application is inconsistent in this respect with the job posting, which clearly lists a CHIP card as a document required to be submitted with the job application.[8] This apparent inconsistency in the application process may have resulted in some applicants, such as the plaintiff, not submitting a CHIP card with their job application due to a belief that such documentation was not required and, as a result, being eliminated from consideration for the position and not hired. Although the plaintiff may have highlighted inconsistencies in the job application process and a possible failure on the part of the defendant to communicate effectively to applicants what it considered the minimum job requirements to be, it is purely speculative for us to infer from this circumstance, which would have the same effect on all applicants, a motivation on the part of the defendant to discriminate and/or retaliate against the plaintiff.[9] See *Agosto* v. *Premier Maintenance, Inc.*, 185 Conn. App. 559, 569–70, 197 A.3d 938 (2018) ("[a]lthough the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment" (internal quotation marks omitted)).

The plaintiff has provided no evidence contradicting the evidence submitted by the defendant that the sole reason that it did not rehire the plaintiff was that it had

conducted a screening process whereby all applicants, including the plaintiff, who failed to submit CHIP cards with their applications were eliminated from consideration for the position and not hired. The plaintiff attached to his opposition to summary judgment his affidavit in which he stated that the job application did not identify a CHIP card as a document that was required to be submitted online with the application and that he was unaware that a CHIP card was required because he was a certified Connecticut police officer, which meant that he was able to work immediately as a police officer. He did not provide evidence of any connection whatsoever between the defendant's decision to eliminate from consideration applicants who did not submit a CHIP card with their application and his medical diagnosis or his having filed suit against the defendant. See *Luth* v. *OEM Controls, Inc.*, supra, 203 Conn. App. 689 ("[e]ven on a motion for summary judgment, the plaintiff must present some factual basis to support [his] claims and cannot rely solely on naked claims or arguments unsupported by any actual evidence or at least some evidence from which reasonable, supportive inferences may be made").

The plaintiff's second reason, in which he expresses disagreement with the relevance of the defendant's hiring standards and deems the submission of a CHIP card to be redundant, is not material. See, e.g., *Watkins* v. *East Haven*, Docket No. CV-04-4001818-S, 2008 WL 344711, *3 (Conn. Super. January 24, 2008) ("[w]hile the plaintiff has a right to wonder why such a position would require a [twelfth] grade education, it is not for this court to rewrite the job description based on the plaintiff's conception of the job and its requirements"). Whether currently certified police officers should have to comply with the CHIP card requirement does not raise an inference of discriminatory or retaliatory intent because the defendant had the CHIP card requirement for all applicants.

Significantly, no genuine issue of material fact exists that the defendant applied the same CHIP card standard to *all* applicants and thereby removed from consideration in total fifty-two applicants who, like the plaintiff, did not submit a CHIP card with their applications. The undisputed evidence in the record establishes that the sole reason for the defendant's decision not to rehire the plaintiff was his failure to submit a CHIP card with his job application. For the foregoing reasons, we conclude that the trial court properly rendered summary judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff previously had been employed with the defendant as a police officer from December, 2009, to March, 2016. He responded to a June, 2018, job posting by the defendant for a police officer position for persons who were not residents of Hartford, but he was not hired for the position.

[2] CHIP (Complete Health & Injury Prevention) administers the Police

Physical Ability Assessment, also known as Physical Fitness Tests, and, upon successful completion, candidates receive a CHIP card, which is valid for a six month period and is accepted by participating departments. The defendant utilizes CHIP to administer police physical agility tests for applicants.

[3] According to General Statutes § 46a-60 (b), it is a discriminatory practice "(1) For an employer . . . to refuse to hire or employ . . . any individual . . . because of the individual's . . . physical disability [or] (4) [f]or any . . . employer . . . to discharge, expel or otherwise discriminate against any person because such person has opposed any discriminatory employment practice or because such person has filed a complaint or testified or assisted in any proceeding under section 46a-82, 46a-83 or 46a-84 . . . ."

[4] See *Texas Dept. of Community Affairs* v. *Burdine*, 450 U.S. 248, 252–56, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981); *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792, 802–804, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

[5] To establish a prima facie case of discrimination, an employee plaintiff must show that "(1) [he] is a member of a protected class; (2) [he] was qualified for the position; (3) [he] suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination." (Internal quotation marks omitted.) *Feliciano* v. *Autozone, Inc.*, 316 Conn. 65, 73, 111 A.3d 453 (2015).

To establish a prima facie case of retaliation, a plaintiff must show "(1) that he participated in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action against him; and (4) a causal connection between the protected activity and the adverse employment action." *Ayantola* v. *Board of Trustees of Technical Colleges*, 116 Conn. App. 531, 536, 976 A.2d 784 (2009).

[6] "Because [s]ummary judgment is appropriate where no genuine issue of material fact exists, and the defendant is entitled to judgment as a matter of law, with respect to any one element that the plaintiff is required to prove in order to prevail at trial . . . an appellate court need not address every basis articulated by a trial court in rendering summary judgment." (Citations omitted; internal quotation marks omitted.) *Alvarez* v. *Middletown*, 192 Conn. App. 606, 611 n.2, 218 A.3d 124, cert. denied, 333 Conn. 936, 218 A.3d 594 (2019). Accordingly, because we agree with the trial court that the plaintiff has not demonstrated the existence of a genuine issue of material fact as to whether the defendant's justification for its failure to rehire him was merely a pretext for discrimination and/or retaliation, we need not address the question of whether a genuine issue of material fact exists regarding the plaintiff's establishment of a prima facie case of discrimination and/or retaliation. See id.

[7] The job application, under a section titled "required documents for submission," states, "PLEASE NOTE: YOU MUST HAVE ALL REQUIRED DOCUMENTS IN BY APRIL 1, 2019. IF REQUIRED DOCUMENTS ARE NOT SUBMITTED, YOU WILL NOT BE ABLE TO PROCEED TO THE WRITTEN EXAMINATION! By selecting 'YES,' I understand the above and that I must have all required documents submitted by April 1, 2019 or I will not be able to proceed to the Written Examination." The application then states that "A COPY OF YOUR HIGH SCHOOL DIPLOMA, GED CERTIFICATE OR TRANSCRIPT MUST BE SUBMITTED WITH THE APPLICATION," provides a space for such document to be submitted electronically and then states: "A valid driver's license is required. A COPY OF THE LICENSE MUST BE SUBMITTED WITH THE APPLICATION" and provides a space to submit such documentation electronically. The application does not include a prompt to attach a CHIP card and does not identify a valid CHIP card as a document that needed to be uploaded with the application.

[8] The job posting is titled "Police Officer (Non-Hartford Residents)." The job posting states that the position was "[o]pen to all Hartford residents who meet the following qualifications," and proceeds to list items, including the submission of a CHIP card. Although the job posting contains an internal discrepancy as to the residency requirement of applicants, it is uncontested that the plaintiff, who was not a resident of Hartford, was able to apply for the position.

[9] There need only exist no genuine issue of material fact that the defendant's decision not to rehire the plaintiff was not motivated by a discriminatory and/or retaliatory intent. See *Craine* v. *Trinity College*, 259 Conn. 625, 643 n.12, 791 A.2d 518 (2002) (noting unusual circumstance wherein defendant's stated reason for employment decision constituted both breach of contract and nondiscriminatory reason for employment decision).